107 So.2d 458

STATE of Louisiana

v.

Perry A. BICKHAM.

No. 44171.

Dec. 15, 1958.

Sargent Pitcher, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Alex W. Wall, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.

McCALEB, Justice.

Appellant was indicted for the murder of one Chester Johnson whom he stabbed fatally with a knife after Johnson struck him with his fist following words between them in a Negro saloon. After hearing the evidence, the jury brought in a verdict of manslaughter and appellant was sentenced to serve 15 years at hard labor in the State Penitentiary, from which conviction and sentence he prosecuted this appeal. During the trial 28 bills of exceptions were reserved and appellant relies on 20 of these as grounds for reversal.[1] Some of the bills involve the same alleged error and have been grouped by appellant's counsel in his brief to this Court. We shall consider them as thus presented.

■ Bill No. 1 was taken when the judge refused to permit defense counsel to interrogate several jurors as to whether they would sustain a plea of self-defense under an assumed state of facts which appellant evidently intended to establish on the trial.

The ruling was correct. It is improper for counsel to interrogate prospective jurors as to their reactions to evidence which might be received at the trial. State v. Henry, 197 La. 999, 3 So.2d 104; State v. Morris, 222 La. 480, 62 So.2d 649; State v. Washington, 225 La. 1021, 74 So.2d 200; State v. Peltier, 229 La. 745, 86 So.2d 693 and State v. Williams, 230 La. 1059, 89 So.2d 898.

■ Bills of Exceptions Nos. 2, 3, 4 and 5 relate to the judge's allowance of questions regarding the law of self-defense propounded by the district attorney to prospective jurors on their voir dire examination. These questions, which were unsuccessfully opposed by appellant's counsel, consisted of rather lengthy statements on the legal requirements for the maintenance of a plea of self-defense. The judge states in his per curiam that he fully explained to the jury the law of self-defense in his general charge and that he did not believe that appellant was prejudiced by his ruling.

Generally speaking, we do not approve of lengthy statements of particular phases of law being expounded to jurors on their voir dire examination, as a preface for interrogation in which attempts are invariably made to commit the jurors' vote. This sort of examination overreaches Article 357 of the Code of Criminal Procedure (R.S. 15:357) which declares that

1. Bills Nos. 6, 7, 8, 9, 10, 11, 19 and 20 have been abandone.

the voir dire examination is to ascertain the qualifications of the jurors to try the case and it shall "be limited to that purpose." However, this Court has consistently ruled that a trial judge has a wide discretion in matters pertaining to the voir dire examination, which will not be disturbed except in cases of clear abuse. See State v. Williams, supra, and authorities there cited. An examination of the statements of the district attorney in this case reveals that they define fairly accurately the law of self-defense and we think it certain that appellant suffered no prejudice as a result of the judge's allowance of the questions in view of his general charge, in which the jurors were fully instructed on the law of self-defense as it applied to the state of facts developed by the testimony. The bills are therefore not well founded.

When the principal witness for the State, one Sims Presley, was testifying on redirect examination, he was asked whether he and appellant lived in the same neighborhood and how long they had been acquainted. The witness answered that he had known appellant eight years and lived just across the street from him. He was then asked whether they had been friends during the eight years of their acquaintance. Counsel for appellant objected to this question on the ground that it was an attempt by the State to impeach its own witness. The objection was overruled, counsel reserving Bill No. 12.

There is no merit in the bill. It is difficult to perceive that the question propounded was an attempt by the district attorney to impeach the witness, in the absence of a showing that the testimony sought to be adduced was contrary to statements made by him during the cross-examination by defense counsel.

Bills Nos. 13, 14, 15, 16, 17 and 18 were reserved when the judge refused to permit appellant's counsel to question two police officers on cross-examination concerning recent investigations made by them of "cuttings in colored bar rooms".

Obviously, the testimony attempted to be elicited from the witnesses had no relevancy to the case on trial. Counsel at no time indicated to the judge the purpose of the questions directed to the officers under cross-examination. In his brief, counsel says that he was entitled to educe evidence of the officers' experience in investigating other Negro cutting scrapes because these witnesses had inferred in their testimony that appellant fled the scene to avoid apprehension and prosecution. We fail to discern the connection.

During his argument to the jurymen, the district attorney stated that, since defense counsel would no doubt tell them

not to send any man to the chair or the penitentiary on the testimony of Sims Presley, he wished to say that, if Sims Presley departed from the truth, he did it in the interest of appellant and not in the interest of justice. Defense counsel, seemingly regarding this statement as an attempt by the district attorney to impeach his own witness, objected to the argument as highly improper and, when overruled, reserved Bill No. 21.

The complaint is insubstantial. The statement of the district attorney was not objectionable. In effect, he informed the members of the jury that it was their function to judge the credibility of the State witness; he did not say that this witness departed from the truth; he said that, if he did not tell the truth, he did it in the interest of appellant.

■ Bill No. 22 was taken to the alleged improper argument by the district attorney in stating that defense counsel, and all other defense attorneys who argue self-defense, usually confuse the jury. When counsel objected on the ground that the jury was not interested "in what other defense attorneys argued", the judge remarked that the district attorney was aware of this and admonished counsel not to interrupt the argument without first obtaining permission from the Court.

We consider the bill inconsequential. The remark of the district attorney as to the argument of other defense attorneys in cases involving self-defense, while clearly immaterial, could hardly have prejudiced appellant and the admonition of the judge, while founded on a faulty premise (the bill of exceptions showing that defense counsel's objection was directed to the court), was not of such a nature, in our opinion, as to adversely affect appellant or to be regarded as a ground for reversal of the conviction. R.S. 15:557.

■ Bills Nos. 23, 24, 25 and 26 were taken to the denial of appellant's requested special charges, Nos. 2, 3, 4 and 5. In his per curiam, the judge states that he refused these charges because he clearly explained the law of self-defense in his general charge to the jury and further for the reason that the requested charges, as drawn, contained many hypothetical statements of abstract legalisms which would have served only to confuse the jury.

Assuming for purposes of discussion that the special charges were wholly correct and wholly pertinent, which is required by Article 390 of the Code of Criminal Procedure (R.S. 15:390), we find no error in the ruling of the judge forasmuch as an examination of his general charge discloses that he fully and correctly instructed the jury on the law of self-defense.

Counsel for appellant, citing the case of State v. Joiner, 161 La. 518, 109 So. 51, declares in his brief that the charge of the trial judge in this case is practically identical with the general charge found to be defective in the Joiner case and he has quoted at length from that decision, emphasizing certain statements made therein from which he concludes that the charge given in this case is improper. The observations referred to by counsel declare, in substance, that the judge, in charging the jury on self-defense, should clearly bring to its attention that a person so acting is not responsible for his actions " * * * if he acted upon honest convictions, induced by reasonable evidence, that his life was in danger or that he was in danger of receiving great bodily harm, though it afterwards appear that he was mistaken as to his actual danger; * *".

An examination of the judge's charge in the instant matter exhibits that he has abundantly covered the essentials outlined in the Joiner decision. He stated that, if it appeared from the evidence that appellant's life was in danger or that he was threatened with great bodily harm, " * * it is not necessary that he * * * should have been in actual danger of losing his life or of receiving great bodily harm, but there should exist a reasonable appearance of danger and he must have believed from the surrounding circumstances that his life was in danger or that his person was in danger of receiving great bodily harm, although such danger did not actually exist, and the circumstances guiding him in his conclusion as to his danger must have been reasonable and such as would lead a reasonable person to such a conclusion. It is not enough that the defendant should have believed himself in danger, but the facts and the circumstances must have been such that the Jury can say that he had reasonable grounds for such belief."

Bills of Exceptions Nos. 27 and 28 were taken to the overruling of appellant's motions in arrest of judgment and for a new trial, which were based on the ground that the judge's general charge to the jury was erroneous and prejudicial in various particulars.

These bills present nothing for consideration. A motion in arrest of judgment lies only for a substantial defect, patent upon the face of the record (Article 517 of the Code of Criminal Procedure, R.S. 15:517) and a charge to which objection has not been made may not be assailed after verdict on a motion for a new trial. State v. Boone, 194 La. 977, 195 So. 511 and cases there cited.

Article 391 of the Code of Criminal Procedure (R.S. 15:391) provides that every objection to the charge shall be by means of a bill of exceptions reserved

before the jury has retired to deliberate upon their verdict and the bill shall be accompanied by a statement of facts showing the error in the charge. This Article has been consistently enforced as written. See State v. Pearson, 224 La. 393, 69 So. 2d 512 and authorities there cited.

It is likewise well settled that alleged errors in the charge to the jury may not be reached by a motion in arrest of judgment since the charge, though written and filed in the record, constitutes no part thereof. State v. McCrocklin, 130 La. 106, 108, 57 So. 645 and State v. Daleo, 179 La. 516, 154 So. 437.

Defense counsel's contention that the foregoing statutory provisions are inapplicable here, as this was a capital case, is without substance. State v. Wright, 104 La. 44, 28 So. 909, relied on in support of the contention, was not a capital case and the cases cited in that decision have not been followed since the adoption of our Criminal Code in 1928.[2] Indeed, in State v. Daleo, a capital case, Article 391 of the Code of Criminal Procedure was applied by the Court in refusing to consider the defendant's motion in arrest.

The conviction and sentence are affirmed.

2. The cases cited in State v. Wright stand only for the proposition that the failure of the judge to instruct the jury concerning all verdicts responsive to the charge may be urged on appeal in a capital case, even though no objection was made to the judge's charge. See

State v. Thomas, 50 La.Ann. 148, 23 So. 250. Thus, the exception, which has obtained recognition only in capital cases, was also restricted to instances in which the judge failed to inform the jury of the lesser verdicts responsive to the capital charge.