267 So.2d 193

STATE of Louisiana

v.

Robert DUNN.

No. 52311.

Oct. 4, 1972.

Dissenting Opinion Oct. 10, 1972.

Norman M. Magee, Ferriday, for defendant-appellant.

William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., W. C. Falkenheiner, Dist. Atty., George F. Griffing, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

Defendant, Robert L. Dunn, was convicted of two counts of simple burglary (La.R.S. 14:62). The premises allegedly burglarized were the Jonesville Park and Wash (a washateria) and the Enterprise High School in Jonesville, Louisiana. These premises were entered and money was stolen from vending machines therein. During the trial, defendant reserved and perfected three bills of exception.

Bills of exception No. 1 and 2 are related to the same facts and will be considered together. The defendant, during the course of the police investigation, gave two written statements to the police. Prior to making the first statement, defendant was given the Miranda warnings and the

■■■■■■

statement shows on its face that he waived his rights. The second statement was made several hours after the first; however, no Miranda warnings were given the defendant immediately prior to this second statement.

■ At the trial, defense counsel objected to the introduction of the first statement on the grounds that it was irrelevant and contained highly prejudicial material. Defense reserved Bill No. 1 to the trial judge's overruling his objection. This first statement contained an admission by the defendant that he had cashed a "hot" check on the day of the alleged burglary, but it also contained an admission by the defendant that on the day on which the burglaries occurred he had been on the premises burglarized during the daytime. (The burglary occurred during the night.)

Although the admission concerning the "hot" check is irrelevant as far as proving the defendant committed a burglary, the admission that he was at the scene of the crime some hours prior to its occurrence is certainly relevant to prove an alleged burglary by defendant. Therefore, the statement is admissible in its entirety as an admission. LSA–R.S. 15:450. The bill is without merit.

1. This statement amounted to a confession of guilt by the defendant.

2. The text of the charge is as follows: "Where the offense charged has 'unau-

■ Bill of exceptions No. 2 was reserved when the trial court overruled defense counsel's objection to the introduction into evidence of the second statement.[1] The ground for objection was that the Miranda warnings were not given the defendant immediately prior to his making this statement.

We hold that under the circumstances here, there was no necessity to give the Miranda warnings to the defendant prior to his making this second statement. The defendant was given the Miranda warnings prior to his making the first statement; the second statement was given on the next morning. The purpose of the Miranda warnings is to insure that an accused is aware of his constitutional rights. In light of the fact that the defendant was given the Miranda warning on the night prior to his making this second statement, we are unable to say that the defendant was not aware of his rights.

This bill we find to be without merit.

Bill of exceptions No. 3 was reserved when the trial court refused to give a special instruction to the jury to the effect that entering into a building open to the public could not be an "unauthorized entry" for purposes of the simple burglary offense.[2] (See LSA–R.S. 14.62)

thorized entry' as one of its elements, the entry into a truck stop, or other place of public accommodation during the business hours is not an 'unauthorized entry'

██ We conclude that it was error for the trial judge to refuse to give the special instruction requested by defendant. One of the essential elements of a burglary is an unauthorized entry. As we appreciate the term "unauthorized entry," an entry with the consent of the owner, express or implied, is not unauthorized. In the case of a building which is open to the public, the consent to enter the building at the times which it is open to the public and within the confines designated is *implied*. Therefore, there is no unauthorized entry because consent is present.

The state contends that since the legislature abolished the requirement of a "breaking" which was contained in the 1942 criminal code, all that is necessary for burglary now is an entry with intent to commit a theft or felony. The state argues that the entry is made unauthorized by the fact that there was an intent to steal present.

As we construe the burglary statute, the entry must be unauthorized and this must be determined as a distinct element of the offense separate and apart from the intent to steal. If the legislature desired that burglary consist of only an entry with intent to steal, they would have omitted the word *unauthorized*.

as required by law and was made in the exercise of his right to enjoy equal access to a place of public accommodation under the civil rights act . . . . .

We conclude that an entry into a building open to the public at the designated hours and within the designated confines is not an unauthorized entry, regardless of the intent of the person so entering. See Smith v. State of Alaska, Alaska, 362 P. 2d 1071, 93 A.L.R.2d 525.

██ The trial judge when requested by defense counsel to give the special charge stated that the matter of unauthorized entry was covered by the general charge to the jury. We have examined the general charge and are of the opinion that it defines unauthorized entry in a general manner only and did not cover the point at issue here. Additionally, although the requested charge may have been inartistically drawn this would not warrant a rejection of it by the trial judge. State v. Hills, 241 La. 345, 129 So.2d 12 (1960).

Therefore, the instruction requested by defendant should have been given and the failure to do so substantially prejudiced the rights of the defendant. This conviction is to be reversed.

For the reasons assigned, the conviction and sentence are reversed.

SANDERS, J., dissents and assigns written reasons.

The entering of a building which is open to the public in general, does not constitute an authorized entry as required by LSA–R.S. 14:60 . . . ."

SUMMERS, J., dissents.

SANDERS, Justice (dissenting).

In my opinion, the majority erroneously holds that the trial judge's refusal to give the special charge requires reversal of the conviction.

The requested charge reads as follows:

"Where the offense charged has 'unauthorized entry' as one of its elements, the entry into a truck stop, or other place of public accommodation during the business hours is not an 'unauthorized entry' as required by law and was made in the exercise of his right to enjoy equal access to a place of public accommodation under the civil rights act . . .

The entering of a building which is open to the public in general, does not constitute an authorized entry as required by LSA–R.S. 14:60 . . ."

Article 807 of the Louisiana Code of Criminal Procedure provides:

. . . "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."

Obviously, the charge is not wholly correct and pertinent.

The truck stop referred to in the special charge is completely foreign to the case. The buildings allegedly burglarized here were a washateria and a high school building. Likewise, the Civil Rights Act appears to be foreign to the subject matter of the litigation.

The final paragraph of the charge conveys the meaning that all entries into buildings that are open to the public are *unauthorized*, an incorrect statement of the law.

The trial judge states that the matter contained in the special charge was covered by the general charge. The general charge was not made a part of the bill of exceptions. Hence, under the established jurisprudence, we accept the trial judge's declaration as conclusive. State v. Barnes, 257 La. 1017, 245 So.2d 159 (on rehearing); State v. Martin, 250 La. 705, 198 So.2d 897; State v. Bickham, 236 La. 244, 107 So.2d 458; State v. Stracner, 190 La. 457, 182 So. 571; State v. Daleo, 179 La. 516, 154 So. 437.

Assuming, however, that we can consider the content of the general charge, as the majority has done, the trial judge's position is amply supported, for he instructed the jury as follows:

"The crime of burglary must have the following elements. First, there must be entry of a building. Second: *This entry must be unauthorized, that is to say*

*if the entry is an authorized entry as opposed to an unauthorized one, then one of the essential elements is lacking.* Thirdly: there must be the intent to commit a theft of forcible felony. (Italics mine).

. . . . . .

"If you entertain any reasonable doubt as to any fact or element necessary to constitute the defendant's guilt, it is your sworn duty to give him the benefit of that doubt and return a verdict of acquittal. And, even where the evidence demonstrates a probability of guilt, yet, if it does not establish it beyond a reasonable doubt it is your duty to acquit."

For the reasons assigned, I respectfully dissent.