438 So.2d 1089 (1983)
STATE of Louisiana
v.
Wilmer D. LOCKHART.
No. 82-K-1630.
Supreme Court of Louisiana.
September 2, 1983.
Rehearing Denied October 28, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Johnson, Asst. Dist. Atty., for plaintiff-appellee.
Charles E. McConnell, Springhill, for defendant-appellant.
CALOGERO, Justice.
Defendant Wilmer D. Lockhart was charged by bill of information with the crime of aggravated burglary in violation of La.R.S. 14:60. He was tried by jury and found guilty as charged. After defendant's motion for a new trial was denied, the court sentenced him as a multiple offender to twenty years at hard labor. He appeals to this Court urging one assignment of error.[1] We find that assignment of error meritorious and therefore reverse his conviction and sentence.
The following facts were adduced at trial. On October 27, 1981, at approximately 2:00 p.m., defendant Wilmer D. Lockhart knocked on the door of a house occupied by Liby B. Carter, a woman in her sixties who resided in Minden, Louisiana. Ms. Carter responded to a knock at her unlocked door by calling out "all right," words she described in testimony as meaning to "come on in." She recognized Lockhart who was her distant cousin and gave defendant permission to use the bathroom when he asked to do so. Ms. Carter then returned to the bedroom where she began changing the diaper of a baby whom she was babysitting. Defendant went into the bathroom. According to Ms. Carter's testimony, defendant then came out of the bathroom and entered the bedroom. He grabbed her from the rear and attempted to throw her onto the bed on which the baby was laying. Defendant's penis was exposed. After pulling up Ms. Carter's dress, he attempted to achieve penetration as he told her, "Give me some of this ...," and "Don't make me kill you." The two tussled, and Lockhart threw the victim to the floor. After struggling on top of the victim with his penis touching the *1090 lower part of her stomach, defendant got up to leave. Ms. Carter testified that there had been no penetration. Defendant told the victim to give him "two hours to get out of town." After checking to see that defendant was not hidden in the house, Ms. Carter called the police. When the officer arrived moments later, she told him that Lockhart had tried to rape her.
The investigating officers, Sergeant Jack Shelly and Officer Benny Matthews, both testified that the victim had been very nervous, upset and shaken. The bedroom was in disarray. The victim clearly identified defendant as her assailant. Lieutenant Jacie Seney, who spoke with her later in the afternoon at the police station, also testified that the victim had been very nervous and upset. Defendant was arrested later that day after Officer Matthews located him sitting on the steps of his uncle's house in Minden.
Defendant argues that the trial judge committed error when he failed to grant a new trial on the grounds of insufficiency of the evidence. Defendant contends that the State failed to prove two essential elements of the crime of aggravated burglary beyond a reasonable doubt, namely: 1) an unauthorized entry and 2) intent to commit a felony or theft therein.
Aggravated burglary is defined in La. R.S. 14:60:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon;
or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
In order to prove the crime of burglary,[2] the State must prove beyond a reasonable doubt that the defendant made an unauthorized[3] entry of a structure with the intent[4] to commit a theft or a felony. See State v. Cotton, 341 So.2d 362 (La. 1976); State v. Searle, 339 So.2d 1194 (La. 1976) (on rehearing). At the moment of the unauthorized entry, the actor must intend to commit a felony or theft therein. State v. Anderson, 343 So.2d 135 (La.1977) (on rehearing). See also State v. Marcello, 385 So.2d 244 (La.1980). This Court has held that the State must prove the intent and the unauthorized entry as distinct elements of the crime of aggravated burglary. We stated in State v. Dunn, 263 La. 58, 267 So.2d 193, 195 (La.1972):
As we construe the burglary statute, the entry must be unauthorized and this must be determined as a distinct element of the offense separate and apart from the intent to steal. If the legislature desired that burglary consist of only an entry with intent to steal, they would have omitted the word unauthorized.[5]
*1091 Defendant strenuously argues that under the Jackson v. Virginia[6] sufficiency of evidence standard, the State's case was deficient in the proof both as to 1) unauthorized entry and 2) intent, upon entry, to commit a felony or theft. With respect to the latter, there was sufficient circumstantial evidence of the requisite intent (upon entry, to commit a felony) in light of the fact that defendant attempted to rape the victim shortly after he entered the residence.
With respect to the former, however, there was no proof of an unauthorized entry. The victim let defendant into her house. Lockhart was a distant cousin; Ms. Carter recognized him. He asked to use the bathroom; Ms. Carter pointed in the appropriate direction. The victim's own testimony was to the effect that she consented to allow defendant into her house. On direct examination when the prosecutor asked her what she did when someone knocked at her door on the afternoon of October 27, 1981, she responded that she had said, "All right." On cross-examination, the defense asked her what she had meant by those words:
BY MR. MCCONNELL:
Q. When you said "all right", what did you mean?
A. For `em to come on in.
Q. All right. And he came in and asked you if he could use the bathroom?
A. Yes.
Q. So you knew who it was, you saw him then?
A. Yeah, I lookedI could look out this room through this door, the way you come in that door, and I could see, I knew who he was.
Unlike the defendant in State v. Lozier, 375 So.2d 1333 (La.1979), Lockhart did not gain entry by misrepresenting who he was. In the instant case, the defendant did not disguise himself; he was admitted because the victim knew who he was. We distinguish the situation in Lozier in which the visitors, unknown to the occupant, misidentified themselves as law enforcement officers conducting official police business. Here Ms. Carter's consent was not vitiated by similar fraud. See 2 Wharton's Criminal Law and Procedure § 415 (1957); 12A C.J.S. Burglary § 23-24 (1980). The victim allowed him to enter her home. The consent was given by a person with the authority and capacity to consent. The consent was voluntary and intelligent; it was based upon a reasonable understanding of the identity of the intruder. See 1 Wharton's Criminal Law and Procedure § 46 (1978).
The consent was valid. The State did not prove the essential element of unauthorized entry. Viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that the requisite elements of the crime of aggravated burglary had been proven beyond a reasonable doubt.

Decree
For the foregoing reasons defendant's conviction and sentence are reversed.
CONVICTION AND SENTENCE REVERSED.
WATSON, J., dissents.
NOTES
[1] Although defendant originally listed six assignments of error, and later filed a seventh, only assignment of error number seven has been urged on appeal; his briefed argument involves only the sufficiency of evidence issue. The other six assignments were abandoned.
[2] Both the crimes of aggravated burglary, La. R.S. 14:60, and simple burglary, La.R.S. 14:62, require an unauthorized entering with the intent to commit a felony or theft therein. Opinions in cases involving charges of either such crime are therefore relevant to this discussion.
[3] In State v. Dunn, 263 La. 58, 267 So.2d 193 (1972), this Court stated that an entry with the consent of the owner, either express or implied, is not unauthorized. Valid consent may be given by the owner, the occupant or an agent or servant having proper authority. 12A C.J.S. Burglary § 23-24 (1980). In the instant case the victim was the occupant of the house; her consent was valid.
[4] This Court has consistently held that the intent required by the burglary statutes is specific intent; the actor must specifically intend to accomplish certain prescribed criminal consequences. State v. Anderson, 343 So.2d 135 (La.1977) (on rehearing); State v. Lewis, 288 So.2d 348 (La.1974).
[5] In State v. Dunn, supra, the State contended that an entry with the intent to commit a theft or a felony constituted burglary since the "breaking" requirement had been abolished. The State had argued that the entry was made unauthorized by the fact that there was an intent to steal present. We concluded that the unauthorized entry was a distinct element of the crime and had to be proven in addition to the intent to commit a felony under the statutory language.
[6] 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).