KNOLL, Judge.
Defendant, Danny Ray Doyle, was indicted for second-degree murder, a violation of LSA-R.S. 14:30.1, and aggravated burglary, a violation of LSA-R.S. 14:60. By a ten to two vote the jury convicted defendant of both charges on January 20, 1987, and defendant was remanded to the custody of the sheriff to await sentencing. Before sentencing he filed a motion for a new trial and a motion for post verdict judgment of acquittal. Finding that the State failed to prove beyond a reasonable doubt that defendant was a principal in the commission of the crimes for which he was indicted, the trial court granted the motion for post verdict judgment of acquittal, and discharged defendant.
We granted the State’s writ application and set the matter for oral argument. The State’s sole assignment of error is that the trial court erred in granting defendant’s motion for post verdict judgment of acquittal. We affirm in part, reverse in part, and remand defendant to the trial court for sentencing.
*1091 FACTS
At approximately 9 o’clock p.m. on July 10, 1986, Mack Walker, 74 years of age, was robbed and killed at his home on 108 Eighth Street in DeRidder. In the late afternoon of the following day, Mr. Walker’s daughter-in-law, Kathy Walker, and several neighbors found him locked in his home, beaten, lying face down on the sofa with his hands tied behind his back and his face pushed between two cushions. Dr. George M. McCormick II, the forensic pathologist who performed the autopsy, concluded that Mr. Walker died of acute congestive heart failure due to multiple traumatic injuries of the head.
On July 11, 1986, at 11 o’clock p.m. Beauregard Parish Sheriff’s deputies, based on information provided them by defendant’s brother, Ronnie Doyle, picked up defendant for questioning about Mr. Walker’s murder. After being advised of his Miranda rights defendant gave a recorded statement in which he admitted: that he knew, in advance, that his cousin, Timothy Ashworth, was going to rob Mr. Walker; that shortly before 9 p.m. he dropped Ash-worth off several blocks from Mr. Walker’s because Ashworth said he was going to rob Mr. Walker; that approximately 30 minutes later Ashworth flagged him down on the street near Mr. Walker’s; that when Ashworth got into the truck Ashworth told him he tied up Mr. Walker, hit him, got his money, and left through a window not knowing if Mr. Walker was dead; and that at a rural location Ashworth had defendant stop his truck on a small bridge so that he (Ashworth) could throw the victim’s wallet away.
Subsequently, defendant and Ashworth were arrested and indicted for the second-degree murder of Mack Walker and the aggravated burglary of his residence.
ISSUES PRESENTED FOR REVIEW
The following issues are presented for our review: (1) Was there sufficient evidence presented to convict defendant of aggravated burglary? (2) Was there sufficient evidence to establish that defendant, beyond a reasonable doubt, was a principal to the crime of second-degree murder? and, if so, (3) Was there sufficient evidence presented to convict defendant of second-degree murder?
AGGRAVATED BURGLARY:
SUFFICIENCY OF EVIDENCE
In his motions for new trial and for post verdict judgment of acquittal, defendant contended that the State failed to prove the essential elements of the crime of aggravated burglary. We agree.
A plea of not guilty places upon the State the burden of proving beyond a reasonable doubt each element of the crime with which the defendant is charged. State v. Humphrey, 412 So.2d 507 (La.1981). Aggravated burglary is defined in R.S. 14:60 as:
“... the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.”
An essential element of the crime of aggravated burglary is that the State prove beyond a reasonable doubt that there was an unauthorized entry of an inhabited dwelling. State v. Spikes, 428 So.2d 1217 (La.App. 3rd Cir.1983); State v. Dunn, 263 La. 58, 267 So.2d 193 (1972).
We have carefully scrutinized the record and fail to find any proof of an unauthorized entry into Mr. Walker’s home. The only evidence shows that the investigating officers found that a forced exit was made from the rear of the premises through a screen which had been pushed out from the inside of the house. There is no testimony of what sort of entry was made into Mr. Walker’s residence. Viewing the evidence in the light most favorable to the prosecu *1092 tion, we find no rational trier of fact could have found that the requisite elements of the crime of aggravated burglary had been proven beyond a reasonable doubt. Accordingly, we find that the trial court was correct in granting defendant’s motion for post verdict judgment of acquittal from the jury verdict which found defendant guilty of aggravated burglary.
SECOND-DEGREE MURDER: SUFFICIENCY OF THE EVIDENCE
The State contends that the trial court erred in granting defendant’s motion for post verdict judgment of acquittal from the charge of second-degree murder. It argues that, viewing the evidence in a light most favorable to the prosecution, it shows beyond a reasonable doubt that defendant was a principal in the commision of the crime charged. We agree.
Our disposition of defendant’s conviction for aggravated burglary adverse to the State is not dispositive of the question now presented. On authority of LSA-C. Cr.P. Art. 465 the State used a short form indictment to charge defendant with the second-degree murder of Mack Walker. Although this form of indictment often lacks sufficient information to supply a defendant with information he believes necessary to apprise him of the nature of the charge being levied, it is incumbent upon the defendant to file a motion for a bill of particulars to procure details as to the statutory method by which he committed the offense that he is charged with. See State v. Peterson, 290 So.2d 307 (La.1974). In the case sub judice since defendant did not request a bill of particulars asking the State to designate the underlying felony it intended to prove in developing its prosecution for second-degree murder, the State was not limited in establishing any of the felonies enumerated in R.S. 14:30.1(B). See State v. Baylis, 388 So.2d 713 (La.1980). Indeed, in its instructions to the jury the trial court defined all of the underlying felonies enumerated in R.S. 14:30.1. Although we have determined that the State failed to prove an aggravated burglary, we have carefully reviewed the record to see if the State proved beyond a reasonable doubt that defendant was a principal to any of the other enumerated felonies which would support his conviction of second-degree murder.
In State v. Porretto, 468 So.2d 1142, 1146 (La.1985), the Louisiana Supreme Court considered the constitutional standards to judge the sufficiency of the evidence and stated:
“The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that ‘assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’ This is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden. State v. Wright, 445 So.2d 1198 (La.1984)"
The threshold issue for our determination is whether, contrary to the determination of the trial court in its disposition of defendant’s motion for post verdict judgment of acquittal, defendant was, as contended by the State, a principal to the crime of second-degree murder.
LSA-R.S. 14:24 provides:
“All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or *1093 indirectly counsel or procure another to commit the crime, are principals.”
See also: State v. Broussard, 312 So.2d 325 (La.1975).
The State sought to prove that defendant was a principal to the crime of second-degree murder, a crime which was directly perpetrated by defendant’s cousin, Timothy Ashworth. Although defendant did not directly commit the crime, the State contends that he was actively involved to the extent that he was a principal to the crime.
LSA-R.S. 14:65 defines simple robbery as:
"... the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, but not armed with a dangerous weapon.”
Viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence establishes that defendant acted in concert with Ashworth to an extent that he was a principal to the crime of simple robbery. In defendant’s voluntary statement to the Beauregard Parish Sheriff’s Office the State provided direct evidence that the defendant admitted knowing of Ashworth’s intentions to rob Mr. Walker as early as two days before the commission of the crime, and that Ash-worth advised him of his intentions to rob the victim when defendant dropped him off blocks away from Mr. Walker’s residence. Defendant also stated that Ashworth told him that he had seen Mr. Walker “flashing” around large sums of money at a local grocery store and that he was going to use force to rob Mr. Walker if it became necessary. Although mere knowledge that a crime is about to be committed is insufficient to constitute conviction as a principal, defendant actively participated with his cousin in the commission of this offense. Even though defendant denied that he simply drove around while Ashworth committed the robbery of Mr. Walker, the evidence shows that just 30 minutes after dropping Ashworth off he picked up Ash-worth walking on the side of the street not far away from Mr. Walker's home. Defendant immediately learned from Ash-worth the details of the robbery, including what physical violence was inflicted upon Mr. Walker. Defendant then drove Ash-worth to a desolate location so that Ash-worth could dispose of certain evidence, notably, the victim’s wallet. Furthermore, the record indicates that the State provided circumstantial evidence from Sheryl Ann Perkins, a witness who saw defendant and Ashworth together in a bar shortly after the time when Mr. Walker was killed. Ms. Perkins testified that she saw defendant and Ashworth arguing about dividing a sum of money. Specifically, Ashworth stated, “That’s all you’re going to get.” and she saw Ashworth give defendant some money.
Therefore we conclude that the trial court erred in failing to find that the record establishes beyond a reasonable doubt that defendant was a principal to the crime of simple robbery, one of the underlying offenses to second-degree murder as established legislatively in R.S. 14:30.1.
DECREE
For the foregoing reasons, the judgment of the trial court discharging defendant, Danny Ray Doyle, is affirmed as to the charge brought against him for aggravated burglary. It is further ORDERED, ADJUDGED AND DECREED that the judgment of the trial court discharging defendant, Danny Ray Doyle, from his conviction for the second-degree murder of Mack Walker is reversed and set aside, and the jury verdict finding him guilty of that offense is reinstated. This case is remanded to the trial court for sentencing of defendant, Danny Ray Doyle, for his conviction of second-degree murder.
THE WRIT APPLICATION IS AFFIRMED IN PART; REVERSED IN PART; AND REMANDED TO THE TRIAL COURT FOR SENTENCING.