ARMSTRONG, Judge.
The defendant, Gregory Walters, was charged by bill of information, 1991, with a violation of LSA-R.S. 14:62, relative to the offense of simple burglary. He filed a Motion to Suppress the Evidence which was denied by the trial court. Following trial by a six-member jury the defendant was found guilty as charged. He was sentenced as a second offender to serve eight years at hard labor under R.S. 15:529.1. He now appeals, arguing that the State *185 failed to present sufficient evidence to prove beyond a reasonable doubt an essential element of simple burglary.
The record reflects that Earl Travis, a security guard at Jax Brewery, was working on August 21, 1990, when an alarm sounded about 11:15 P.M. on the third floor. Arriving at a shop called Grecian Isle, Travis saw in the shadows a man “trying to drop behind the counter with a bag in his hand.” The iron gates closing off the shop were locked, and the lights on the third floor were turned out. When Travis approached the shop, he had to turn on lights and unlock the gate to see and apprehend the defendant who was carrying a bag of clothing from the Grecian Isle. The man was not holding a drink or a balloon. Travis explained that after 9 or 10 P.M. all the shops in the building close. The restaurant and bar on the sixth floor and the first floor are open after 10 P.M. After the shops close, the elevator opens only on the first and sixth floors; it could not have stopped on the third floor. There was no sign of forced entry into the Grecian Isle.
Debbie Smith, owner of the Grecian Isle shop located on the third floor of Jax Brewery, testified that she did not give the defendant permission to be in her shop at 11:15 P.M. on August 21, 1990.
Gregory Walters took the stand and admitted to having been convicted of theft of stolen things earlier in 1990. Walters explained the events that evening by saying that he had been on the sixth floor of the Jax Brewery in a bar listening to music and drinking when a busboy gave him some balloons. On leaving the bar with balloons in one hand and a drink in the other, he got on the elevator; it stopped, and he got off. He was looking for the exit to the street when he heard the security alarm go off. He said the lights were not off nor was the gate locked. He denied taking anything from the shop. Walters explained that after the guard took him to the security office, a second guard walked into the office with the bag of clothes which they alleged he had taken.
The defendant in his assignment of error contends that the State failed to prove beyond a reasonable doubt an essential element of the crime charged. LSA-R.S. 14:62, simple burglary, provides:
Simple burglary is the unauthorized entry of any ... structure ... with the intent to commit a felony or any theft therein....
Defense counsel argues that there was no proof of “unauthorized entry” because the State offered no evidence that the defendant broke into the Grecian Isle shop and the defendant said he arrived there inadvertently while trying to exit the building. In State v. Dunn, 263 La. 58, 267 So.2d 193, 195 (La.1972), the Louisiana Supreme Court interpreted the application of “unauthorized entry” to a place of a business:
In the case of a building which is open to the public, the consent to enter the building at the times which it is open to the public and within the confines designated is implied..... We conclude that an entry into a building open to the public at the designated hours and within the designated confines is not an unauthorized entry, regardless of the intent of the person so entering.
In reviewing the sufficiency of evidence the appellate court must determine whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Andrews, 452 So.2d 687 (La.1984). Where the conviction is based on circumstantial evidence, R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984); State v. Wright, 445 So.2d 1198 (La.1984). R.S. 15:438 does not establish a stricter standard of review than the more general rational juror’s reasonable doubt formula; it is merely an eviden-tiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985).
Viewing the evidence in the light most favorable to support the jury verdict, we *186 must determine whether a rational juror could have doubted Walters’ explanation that the elevator stopped on the third floor, that he stepped out intent on leaving the building carrying a drink and a balloon, only to be was apprehended by the security guard who lied in saying Walters was carrying merchandise from the shop.
Because there was no evidence of forced entry into the shop, one could conclude that by some mishap the elevator opened on the third floor, as Walters maintains, and that he wandered into the shop. However, his assertion that it was lighted and that the gate was not locked is less believable.
If the jury rejected Walters’ version of events, several reasonable explanations are possible: (1) Walters entered the shop during business hours and hid until it closed, or (2) Walters took the escalator or steps to the third floor after the shop closed and managed to get over the gate into the shop. A rational juror could have found Walters’ story unbelievable and could have concluded that the evidence proved his guilt beyond a reasonable doubt.
The fact that Walters was in a public building does not indicate authorized entry because the implied authorized consent of the owner extends only during the designated hours in which the shop is open. Thus Walters entry after 9 P.M. was not an authorized entry. State v. Dunn, 263 La. 58, 267 So.2d 193 (La.1972).
When viewed in the light most favorable to the prosecution, the evidence presented is sufficient to convince a jury beyond a reasonable doubt that Walters’ version of events is unreasonable and that the evidence — although circumstantial — indicated that Walters was guilty of simple burglary beyond a reasonable doubt.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.