STATE OF LOUISIANA
v.
TAWAYNE BRIDGEWATER
No. 2009 KA 0053
Court of Appeals of Louisiana, First Circuit.
June 19, 2009.
Not Designated for Publication
HILLAR C. MOORE III, District Attorney Baton Rouge, Louisiana, Counsel for Appellee. State of Louisiana.
DYLAN C. ALGE, DANA CUMMINGS, Assistant District Attorneys Baton Rouge, Louisiana, PRENTICE L. WHITE Baton Rouge, Louisiana Counsel for Defendant/Appellant. Tawayne Bridgewater.
Before: PARRO, McCLENDON, and WELCH, JJ.
McCLENDON,
Defendant, Tawayne Bridgewater, was charged by bill of information with one count of aggravated burglary, in violation of LSA-R.S. 14:60. He pled not guilty. Following a jury trial, defendant was convicted as charged and was sentenced to imprisonment at hard labor for fifteen years. Defendant subsequently filed an out-of-time appeal which was granted by the trial court. Defendant did not file a brief on appeal. Finding no reversible patent errors, this court affirmed defendant's conviction and sentence. See State v. Bridgewater, 04-2748 (La.App. 1 Cir. 12/22/05) (per curiam) (unpublished).[1] On October 25, 2007, defendant filed an application for post-conviction relief alleging, among other things, ineffectiveness of his trial and appellate counsel. Defendant also requested an out-of-time appeal. The trial court denied the application for post-conviction relief without a hearing on May 22, 2008. The trial court also denied defendant's request for a second out-of-time appeal. Defendant sought supervisory review of the trial court's ruling on his application for post-conviction relief. In an unpublished decision, this court issued the following action on the writ application:
WRIT GRANTED IN PART AND DENIED IN PART. The trial court erred in denying relator's request for an out-of-time appeal. Relator's appellate counsel did not file a brief in relator's appeal. Thus, relator was denied the assistance of counsel on appeal. See Penson v. Ohio, 488 U.S. 75, 86-89, 109 S.Ct. 346, 353-55, 102 L.Ed.2d 300 (1988); Lofton v. Whitley, 905 F.2d 885 (5th Cir. 1990). See also State ex rel. Cook v. State, XXXX-XXXX (La. 10/15/04), 884 So.2d 593. If appointed counsel, after a review of the record, finds no basis for assigning error on appeal, he or she may follow the procedures set out in State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241; State v. Mouton, 95-0981 (La. 4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528, 530 (La. App. 4th Cir. 1990). Accordingly, the district court is ordered to grant relator an out-of-time appeal and to appoint counsel to represent relator on appeal. In all other aspects, relator's writ application is denied. State v. Bridgewater, 08-1247 (La.App. 1 Cir. 9/18/08) (unpublished). On October 7, 2008, the trial court granted defendant an out-of-time appeal. Defendant now appeals, urging two assignments of error as follows:
1. The state failed to meet its burden against defendant because it did not prove beyond a reasonable doubt that defendant entered the apartment he shared with Cain and her mother with the specific intent to commit a felony. There was no unauthorized entry into this apartment because the actual lessee, Deborah Bazile, gave defendant permission to live in the apartment with her and her daughter and their grandson.
2. Defense counsel's performance during the trial was not indicative of the right to counsel guaranteed under the Sixth Amendment to the U.S. Constitution because defense counsel did not adequately or consistently advise defendant of the status of his case prior to trial and he did not prepare a proper defense for him once he realized that trial was inevitable.
Finding no merit in either of the assigned errors, we affirm defendant's conviction and sentence.

FACTS
On February 2, 2003, Stephanie Taylor had just put her children to bed when she heard a loud noise. According to Stephanie, it sounded "like someone was beating on something." Stephanie and her fiance, Germaine, went outside to determine the source of the disturbance. On the patio, they heard the neighbor, Terrice Cain, screaming, "Help me. Help me. Oh my God." Germaine stayed outside while Stephanie went to call 911. While jumping up and down to see across the fence, Germaine observed a man raising and lowering a board, repeatedly striking Terrice and stating, "I'm going to beat your ass."
In response to the 911 call, Baton Rouge City Police officers James Cutrer and Cody Gunter were dispatched to the scene to investigate the disturbance. Upon arriving on the scene, the officers observed a black male, subsequently identified as defendant, standing near the front door of the apartment reported in the complaint. The man fled and a foot pursuit ensued. Shortly thereafter, Officer Donald Shirley arrived to assist. Officer Shirley blocked defendant's path with his vehicle and eventually tackled defendant. Defendant was then apprehended and placed under arrest.
Meanwhile, Stephanie and Germaine went over to Terrice's apartment. There was a large hole in the front door and Terrice was found lying in a fetal position on the floor. She had numerous bruises over her body. Crying and obviously in pain, Terrice told Officer Gunter that she had been beaten with a board. She stated that the individual the officers saw fleeing from the apartment was responsible for the beating.
In response to questioning by the officers, defendant admitted that he hit Terrice. He claimed he arrived at the apartment to pick up his one-year-old son after he learned that Terrice was inside the apartment with another man. He knocked on the door, but Terrice would not allow him to enter. He then kicked the door until it broke and entered the apartment. Inside, he fought briefly with the male visitor. After the visitor fled, defendant redirected his attention to Terrice. He claimed Terrice threw a glass at him and he chased her out onto the patio. Defendant claimed he threw the board at Terrice and kicked her at least three times.

ASSIGNMENT OF ERROR ONE
In his first assignment of error, defendant challenges the sufficiency of the state's evidence in support of his conviction. Specifically, he asserts the state failed to prove that he intended to commit a felony inside the apartment and/or that his entry was unauthorized. The state asserts the evidence, when viewed in the light most favorable to the prosecution, amply supports all of the essential elements of the crime of aggravated burglary. The state further asserts that the credibility determinations made by the jury were reasonable and must not be disturbed.
The standard of review for the sufficiency of the evidence to uphold a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also LSA-C.Cr.P. art. 821B; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988). When circumstantial evidence is used to prove the commission of an offense, LSA-R.S. 15:438 requires that, assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence. See State v. Wright, 98-0601, p. 2 (La.App. 1 Cir. 2/19/99), 730 So.2d 485, 486, writs denied, 99-0802 (La. 10/29/99), 748 So.2d 1157, and 00-0895 (La. 11/17/00), 773 So.2d 732. This is not a separate test to be applied when circumstantial evidence forms the basis of a conviction; all evidence, both direct and circumstantial, must be sufficient to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. State v. Ortiz, 96-1609, p. 12 (La. 10/21/97), 701 So.2d 922, 930, cert. denied, 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998). When a case involves circumstantial evidence and the trier of fact reasonably rejects the hypothesis of innocence presented by the defense, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. State v. Moten, 510 So.2d 55, 61 (La.App. 1 Cir.), writ denied, 514 So.2d 126 (La. 1987).
Aggravated burglary is defined by LSA-R.S. 14:60, which states, in pertinent part:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
The accused must have had the specific intent to commit either a felony or a theft at the time of his unauthorized entry. State v. Hennis, 98-0664, p. 8 (La.App. 1 Cir. 2/19/99), 734 So.2d 16, 20, writ denied, 99-0806 (La. 7/2/99), 747 So.2d 16. Specific intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Hennis, 98-0664 at p. 8, 734 So.2d at 20.
The Louisiana Supreme Court has defined an "unauthorized entry" prohibited by the aggravated burglary statute as "an entry without consent, express or implied." State v. Dunn, 263 La. 58, 63, 267 So.2d 193, 195 (1972). "In the case of a private dwelling, a person must have the consent of an occupant or an occupant's agent to constitute a defense to `unauthorized entry.'" State v. Oritz, 96-1609 at pp. 14-15, 701 So.2d at 931.
On appeal, defendant contends that all of the elements of aggravated burglary, namely, the unauthorized entry and the intent to commit a felony or theft, were not present at the time of entry into the dwelling. We have reviewed the evidence and conclude that a rational trier of fact could have found that the state proved the essential elements of aggravated burglary beyond a reasonable doubt.
At trial, the victim, Terrice Cain, did not testify. Consequently, all of the facts and circumstances surrounding defendant's visit to the apartment were not fully developed. To establish that defendant's entry into the apartment was not authorized, the state presented photographs of the door that was obviously severely damaged. Officer Curter also testified that defendant, who did not indicate that he lived at that apartment, admitted that he forcefully kicked in the door after Terrice would not let him in. According to Officer Curter, defendant claimed he became enraged because Terrice and his minor child were inside the apartment with another man.
Although Deborah Bazile testified at trial that defendant resided at the apartment with her and Terrice, the jury clearly rejected Bazile's testimony and found the testimony of the officers, indicating that defendant provided a different residential address on the night the incident occurred, to be more credible. Bazile admitted that defendant was not listed on the residential lease for the apartment. Stephanie Taylor, the next-door neighbor, testified that, although she had seen defendant before, she did not regularly observe him at the apartment in question. It is well settled that the trier of fact can accept or reject, in whole or in part, the testimony of any witness. On appeal, this court will not assess the credibility of witnesses or reweigh the evidence to overturn a jury's determination of guilt. State v. Williams, 02-0065, pp. 6-7 (La.App. 1 Cir. 6/21/02), 822 So.2d 764, 768, writ denied, 03-0926 (La. 4/8/04), 870 So.2d 263. As the state correctly notes, even if defendant had previously been given permission to enter the apartment, this permission clearly was revoked on the night in question by Terrice, a listed resident of the apartment. Considering the foregoing, particularly Terrice's refusal to allow defendant to enter the residence and defendant's forceful entry, it was reasonable for the jury to conclude that defendant forcibly entered the residence without consent and/or authorization.
On the issue of felonious intent, the evidence presented at the trial of this matter showed that defendant forcefully entered an inhabited dwelling without authorization, immediately engaged in a physical altercation with the male visitor, and then proceeded to kick and beat the victim with a board. Also, defendant was heard repeatedly telling the victim, "I'm going to beat your ass." From this evidence, a rational trier of fact could infer that defendant intended to commit a felony. Specific intent can be formed in an instant. State v. Cousan, 94-2503, p. 13 (La. 11/25/96), 684 So. 2d 382, 390.
Viewing the evidence in the light most favorable to the state, we are convinced that any rational trier of fact could have concluded, beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the evidence was sufficient to prove the essential elements of aggravated burglary. We cannot say that the jury's determination was irrational under the facts and circumstances presented to them. See State v. Ordodi, 06-0207, p. 14 (La. 11/29/06), 946 So.2d 654, 662. This assignment of error lacks merit.

ASSIGNMENT OF ERROR TWO
In his second assignment of error, defendant claims he received ineffective assistance of counsel at trial. In support of this claim, defendant recounts numerous instances in which he claims that failure of his trial counsel to properly represent him affected the outcome of his case. He claims his provides ineffective assistance when he: 1) failed to properly investigate and present available defenses on defendant's behalf; 2) failed to keep defendant reasonably informed of the status of his case; 3) neglected to inform defendant and his family of the procedures and risks of an aggravated burglary trial (gave defendant an unreasonable guarantee that the victim's absence at trial meant a not guilty verdict for him); 4) failed to present to the trial court or the jury an affidavit that the victim allegedly signed indicating that she wanted all charges against defendant dropped; and 5) only gave defendant a few hours notice that he was going to trial on the charge.
A claim of ineffective assistance of counsel is more properly raised by an application for post-conviction relief in the district court where a full evidentiary hearing may be conducted. However, if the record discloses the evidence needed to decide the issue of ineffective assistance of counsel and that issue is raised by assignment of error on appeal, the issue may be addressed in the interest of judicial economy. State v. Williams, 632 So.2d 351, 361 (La.App. 1 Cir. 1993), writ denied, 94-1009 (La. 9/2/94), 643 So.2d 139.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." Strickland, 466 U.S. at 687,104 S.Ct. at 2064. In order to show prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, there is a reasonable probability that the result of the proceeding would have been different. Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; State v. Felder, 00-2887, pp. 10-11 (La.App. 1 Cir. 9/28/01), 809 So.2d 360, 369-70, writ denied, 01-3027 (La. 10/25/02), 827 So.2d 1173. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. State v. Serigny, 610 So.2d 857, 860 (La.App. 1 Cir. 1992), writ denied, 614 So.2d 1263 (La. 1993).
In the instant case, we find no merit in defendant's ineffective assistance of trial counsel claims without reaching the issue of whether there was deficient performance by counsel. Defendant's allegations are general and conclusory in nature and are insufficient to support a claim that he was prejudiced by any conduct by his counsel. Regarding his counsel's alleged failure to investigate, defendant argues, without any specificity, that it is "likely that [he] may have been able to present a viable defense of either not guilty or guilty of a lesser offense." Defendant does not point to any specific evidence or witness that would have produced a different outcome at the trial. It is well settled that a defendant who asserts a claim of ineffective counsel based upon a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of a trial or sentencing. General statements and conclusory charges will not suffice. See State v. Castaneda, 94-1118, p. 14 (La.App. 1 Cir. 6/23/95), 658 So.2d 297, 306.
Defendant also makes general allegations regarding his counsel's failure to keep him informed of the status of the case, his decision to call only one witness to testify, his inadequate questioning of the state's witnesses, and his failure to conduct discovery into how defendant was arrested, all without any specific allegations as to how he was prejudiced by the alleged conduct of his attorney. Regarding defendant's claim that his counsel provided an unreasonable guarantee on the verdict, we note that counsel is not deemed ineffective simply because he mistakenly believed that the jury would allocate more weight to the fact that the victim did not testify at the trial. Furthermore, since the only alternative to defendant going to trial on the matter was for him to plead guilty, we do not see how defendant was prejudiced by the optimistic expectations of his counsel regarding the outcome of the trial. Finally, the "Drop Charges" affidavit, if admissible, would not have changed the outcome of defendant's trial. The jury was made aware of the fact that the victim did not testify at the trial although she had been subpoenaed. Furthermore, an affidavit indicating that the victim did not wish to pursue the charge against defendant does not indicate that defendant was any more or less culpable. Defendant was not prejudiced by his counsel's failure to attempt to introduce this document at the trial.
Considering the foregoing, we find that even if any of the alleged conduct by defendant's trial counsel was to be deemed deficient, defendant's allegations are insufficient to support a finding that the deficient performance prejudiced the defense. Absent a showing of prejudice, defendant's ineffective assistance of counsel claims must fall. See Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] It is noted that this appeal was not handled in the manner in which we now handle such appeals. In accordance with the procedures outlined in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir. 1990), when defense counsel files a motion to withdraw from a case, defense counsel is required to have filed a brief indicating that, after a conscientious and thorough review of the record, the case presents no non-frivolous issues for appeal. This court then performs an independent and thorough review of the record for reversible errors, including a review for error under LSA-C.Cr.P. art. 920(2). It is noted that a defendant also has the right to file a pro se brief.