PER CURIAM.
1, Granted. The State seeks supervisory relief from the trial court’s ruling that held the defendant’s two prior burglary convictions are not admissible as other crimes evidence under LSA-C.E. art. 404(B). The court of appeal denied writ. Under the given facts, we conclude the defendant’s two prior burglary convictions are admissible under LSA-C.E. art. 404(B). For reasons that follow, we reverse the ruling of the lower courts and remand this case for further proceedings.
Generally, courts may not admit evidence of other crimes, wrongs or acts of a criminal defendant in order to show that the defendant is a person of bad character who has acted in conformity therewith. LSA-C.E. art. 404(B). However,’ the State may introduce evidence of other crimes, wrongs or acts if it establishes an independent and relevant reason for its admissibility, such as to show motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. LSA-C.E. art. 404(B). The evidence must tend to prove a material fact at issue or to rebut a defendant’s defense. State v. Martin, 377 So.2d 259, 263 (La. 1979).
The State bears the burden of proving that the defendant committed the other | ^crimes, wrongs or acts. State v. Galliano, 2002-2849, p. 2 (La.1/10/03), 839 So.2d 932, 933, per curiam, citing State v. Prieur, 277 So.2d 126, 130 (La.1973). Although a criminal defendant’s prior bad acts may be relevant and otherwise admissible under LSA-C.E. art. 404(B), the court must balance the probative value of the other crimes, against its prejudicial effect before the evidence can be admitted. LSA-C.E. art. 403. The probative value of the evidence must outweigh its prejudicial effect of unfair prejudice. Id.; State v. Galliano, 2002-2849, p. 3, 839 So.2d 932 at 933. Probative evidence of prior misconduct will be excluded only when it is unduly and unfairly prejudicial. State v. Germain, 433 So.2d 110, 118 (La.1983). The term “unfair prejudice,” refers to the capacity of relevant evidence to persuade the factfinder into declaring guilt on a ground different from proof specific to the offense charged. State v. Rose, 2006-0402, p. 13 (La.2/22/07), 949 So.2d 1236, 1244, citing Old Chief v. United States, 519 U.S. *539 172, 180, 117 S.Ct. 644, 650, 136 L.Ed.2d 574 (1997).
The defendant is charged with simple burglary of an uninhabited dwelling. Police discovered blood evidence on a window glass at the scene of the crime from which a DNA profile was constructed. The defendant was identified via a Combined DNA Index System (CODIS) search.
Simple burglary requires proof of specific intent that the perpetrator who made the unauthorized entry did so with the specific intent of committing a theft or other felony once inside. R.S. 14:62; State v. Ortiz, 96-1609, p. 16 (La.10/21/97), 701 So.2d 922, 932 (“The final key element of the crime of burglary is that the accused must have had the intent to commit a felony at the moment of entry.”); State v. Lockhart, 438 So.2d 1089, 1090 (La.1983) (“At the moment of the unauthorized entry, the actor must intend to commit a felony or theft therein”) Ordinarily, the State would have to prove at trial that the defendant entered the uninhabited dwelling lawith the specific intent to commit a theft therein. The evidence of the prior burglaries would show that the defendant did not enter the unoccupied residence for an innocent purpose. Rather, the evidence of the prior burglaries tends to show that the defendant entered the residence with the specific intent to steal.
We find evidence of defendant’s prior burglary convictions probative because they are sufficiently similar to defendant’s simple burglary charge and are substantially relevant to the question of whether he had the specific intent to commit a theft at the moment he allegedly broke the window (depositing his blood and DNA sample in the process) and entered the residence. Cf. State v. Lewis, 288 So.2d 348, 350 (La.1974). All three burglaries occurred within a half mile of each other, the houses were all unoccupied and entry was gained through the rear of the houses. The current offense was committed within eight days of one of the prior burglaries. In the first burglary conviction the defendant entered through a rear window and police found him in a bedroom searching through a dresser drawer. In the second burglary conviction, police found the defendant pushing a water heater • down the street in a shopping cart. Defendant admitted removing a water heater from the residence. The current burglary charge involves the theft of a stainless steel sink, ceiling fans and a shop vacuum.
We find the State has sustained its burden of proving an independent and relevant reason under LSA-C.E. art. 404(B) for the admission of the previous burglary convictions as other crimes evidence, and the admission of this other crimes evidence is not unduly prejudicial to the defendant. We conclude the trial court abused its discretion in finding the defendant’s prior convictions to be inadmissible under LSA-C.E. art. 404(B). Accordingly, the writ is granted. The judgments of the lower courts are reversed. The case is remanded to the trial court for further ^proceedings.
WEIMER, J., dissents and would grant and docket.
CLARK, J., dissents.