948 So.2d 1159 (2007)
STATE of Louisiana, Appellee
v.
Jason Aaron SCOTT, Appellant.
No. 41,690-KA.
Court of Appeal of Louisiana, Second Circuit.
January 24, 2007.
*1160 Louisiana Appellate Project, by W. Jarred Franklin, for Appellant.
Paul J. Carmouche, District Attorney, Brady O'Callaghan, Damon Daniel Kervin, Tommy J. Johnson, Assistant District Attorneys, for Appellee.
Before DREW, MOORE and LOLLEY, JJ.
MOORE, J.
Jason Allen Scott was charged by bill of information with aggravated burglary, La. R.S. 14:60. After a jury found him guilty as charged, the court adjudicated him a second felony offender and sentenced him to 15 years at hard labor. Scott now appeals his conviction and sentence. For the reasons expressed, we modify the verdict, render a judgment of conviction of unauthorized entry of an inhabited dwelling, La. R.S. 14:62.3, and remand the case for further proceedings.

Factual Background
Sometime prior to the offense, Scott and his wife of three years, Jennifer, physically separated and she moved back home with her parents, the Harknesses, in north Shreveport. On the day of the offense, she gave Scott permission to use her SUV, a Toyota 4Runner, that was parked in her parents' garage. Mr. Harkness, however, had made it clear to Jennifer that he did not want Scott coming to the house.
On the afternoon of May 9, 2005,[1] Scott went to the house to get the 4Runner. *1161 Jennifer was out but her two aunts, one of whom lived there, were at home when he came to the door. Scott knocked on the front door and rang the doorbell, but Mrs. McClure, one of the aunts, did not open the door. He then went to the window of the bedroom where Mrs. McClure was sitting with her invalid sister, banged on the glass and demanded entry, saying he was there to get the car and his baby. Mrs. McClure replied that Jennifer and the baby were not there, and she would not let him in until Jennifer returned. Scott then asked if she would raise the garage door; Mrs. McClure again refused. Scott replied that he would wait, and Mrs. McClure testified that she thought he had left.
Suddenly, she heard a loud crash and saw that Scott had forced open the locked front door. He barreled through the house and toward the garage. In the kitchen, he grabbed Mrs. McClure by the wrist and shoved her into the laundry room, saying, "Get out of my way." He went into the garage and raised the garage door; Mrs. McClure testified that she tried to close it again, but he grabbed her shoulders and shoved her onto the floor. By the time she got up, Scott was backing the 4Runner out the driveway. He then sped away.
Two neighbors testified that they heard the commotion at the house and saw the 4Runner driving away fast. One of these phoned 911; Deputy Duke arrived to find Mrs. McClure too agitated to talk. She eventually identified the suspect as Scott, and advised that he might be going to his parents' house in the Cross Lake area. Corporal Jennings arrested him there several days later.
Mr. Harkness admitted that he had donated the 4Runner to Jennifer, but maintained that he banned Scott from driving it or coming to the house. He testified that the double front doors were a total loss; he had to replace them at a cost of about $3,500. He also testified that the interior door leading into the garage had been opened very hard and banged into the Sheetrock, leaving a little hole.
As noted, the state charged Scott with aggravated burglary and a 12-member jury found him guilty as charged. The state then charged him as a second felony offender, citing his 2002 guilty plea to residential burglary in Clark County, Arkansas. The court adjudicated him a second felony offender and sentenced him to 15 years at hard labor.

Discussion
By his first assignment of error, Scott urges the state failed to prove that he possessed the specific intent to commit "a felony or any theft therein" when he entered the house, an essential element of aggravated burglary, R.S. 14:60. The state responds that it proved felony criminal damage to property during the entry of the house, thereby satisfying all elements of the crime.
The constitutional standard of appellate review for sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Tate, XXXX-XXXX (La.5/20/03), 851 So.2d 921. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, *1162 XXXX-XXXX (La.2/22/06), 922 So.2d 517. However, if the appellate court finds that the evidence, viewed in the light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court may modify the verdict and render judgment of conviction on the lesser included responsive offense. Article 821 E; State v. Houston, 40,642 (La. App. 2 Cir. 3/10/06), 925 So.2d 690, writ denied, XXXX-XXXX (La.10/13/06), 939 So.2d 373.
Specific intent is a state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow from his acts or omissions. La. R.S. 14:10(1). Specific intent may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982); State v. Davis, 40,382 (La.App. 2 Cir. 10/26/05), 914 So.2d 1129, writ denied, 2005-2419 (La.4/17/06), 926 So.2d 512.
Aggravated burglary is defined by La. R.S. 14:60:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender:
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
In order to prove the crime of aggravated burglary, the state must prove beyond a reasonable doubt that the defendant made an unauthorized entry of a structure with the specific intent to commit a theft or a felony. State v. Lockhart, 438 So.2d 1089 (La.1983). The intent to commit a theft or felony must exist at the moment of entry. State v. Ortiz, 96-1609 (La.10/21/97), 701 So.2d 922. Felonious intent and unauthorized entry are separate elements of the crime. State v. Lockhart, supra; State v. Baker, 39,696 (La.App. 2 Cir. 5/11/05), 902 So.2d 1247, writ denied, 2005-2055 (La.4/28/06), 927 So.2d 281.
On close review, we are constrained to find that the evidence does not satisfy every element of aggravated burglary. The record easily shows that Scott had no authority to enter the house, as Mrs. McClure explicitly refused to let him in until Jennifer returned. The record also shows that Scott actually entered the house by violently kicking in the front doors and causing considerable damage. Finally, the record shows that once he entered, Scott committed a simple battery on Mrs. McClure by shoving her out of his way. He may also have committed simple criminal damage to property by banging the interior garage door into the Sheetrock, but this was not developed at trial.[2]
The missing element is felonious intent. Jennifer testified that she gave Scott permission to use the 4Runner that day. Her father, Mr. Harkness, conceded that Jennifer owned the vehicle; this would negate his insistence that he (Mr. Harkness) had banned Scott from using it. Viewed most favorably to the state, Scott's actions cannot be construed as intent to commit theft of the 4Runner. Moreover, the evidence does not show that Scott entered the house for the purpose of battering Mrs. McClure or damaging interior Sheetrock. His purpose was to take the 4Runner with his wife's consent.
The state contends that by crashing through the front doors, Scott committed felony grade criminal property damage *1163 which should be considered as proof of felonious intent; in support it cites State v. Dunn, 263 La. 58, 267 So.2d 193 (1972). At sentencing, the district court also commented that property damage to the front door constituted the felony. However, the unauthorized entry and the felonious intent must be treated as separate elements of the offense. State v. Lockhart, supra; State v. Baker, supra. Even though Scott's mode of entry resulted in considerable damage to the house, the criminal code and the jurisprudence do not permit us to use the unauthorized entry to prove felonious intent. They are distinct elements. At the moment of entry, there was no intent to commit a theft or any felony therein.[3] The conviction of aggravated burglary must be reversed.
We further find, however, that the evidence will support a conviction of a lesser included responsive offense, unauthorized entry of an inhabited dwelling, and pursuant to La. C. Cr. P. art. 821 E, we will enter a judgment of guilty of that offense. Unauthorized entry of an inhabited dwelling is defined as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." La. R.S. 14:62.3; State v. Davis, XXXX-XXXX (La.6/27/03), 848 So.2d 557. It is responsive to the offense of aggravated burglary. La. C. Cr. P. art. 814 A(42). For the reasons already discussed, the record shows that Scott intentionally entered, without authorization, the inhabited dwelling of Mr. Harkness. Judgment will be rendered accordingly, and the case remanded for further proceedings.
In light of this conclusion, we pretermit any consideration of Scott's remaining assignment of error, which urges that the 15-year hard-labor sentence is excessive.

Conclusion
We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, we modify the verdict of aggravated burglary and render judgment of conviction of unauthorized entry of an inhabited dwelling. We remand the case for further proceedings in accordance with this opinion.
VERDICT MODIFIED; JUDGMENT OF CONVICTION OF UNAUTHORIZED ENTRY OF AN INHABITED DWELLING RENDERED; CASE REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The bill of information recites that the offense occurred on May 13, but this appears to be the date of Scott's arrest. The sheriff's incident reports and the trial testimony confirm that the offense was May 9.
[2] The state offered no photographs of the interior or exterior damage to Mr. Harkness's house. If any were taken and available, they would have been useful to this court.
[3] State v. Dunn, supra, is inapposite as it addressed whether unauthorized entry could occur in a washateria and public school, places open to the public; the court found that such entry could never be unauthorized, regardless of the defendant's intent. In passing, however, the court also stated that the element of unauthorized entry "must be determined as a distinct element of the offense, separate and apart from the intent to steal," which seems to reiterate the principles expressed in Lockhart and Baker, supra.