978 So.2d 506 (2008)
STATE of Louisiana, Appellee,
v.
Jason Aaron SCOTT, Appellant.
No. 43,175-KA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2008.
Louisiana Appellate Project by William Jarred Franklin, Counsel for Appellant.
Paul Joseph Carmouche, District Attorney, Tommy Jan Johnson, Brady D. O'Callaghan, Assistant District Attorneys, Counsel for Appellee.
Before BROWN, PEATROSS and DREW, JJ.
DREW, J.
Jason Aaron Scott was previously convicted of aggravated burglary. On appeal, we reversed that conviction [State v. Scott, 41,690 (La.App.2d Cir.1/24/07), 948 So.2d 1159], and entered a conviction for the lesser crime of unauthorized entry of an inhabited dwelling, remanding for resentencing.
The defendant was thereupon adjudicated a second felony habitual offender and sentenced to serve seven years at hard labor, with credit for time served. He now appeals his present sentence as being excessive. We amend and affirm.
Our law on the review of sentences is well settled.[1]
*508 As a second felony offender, this defendant faced a sentence of imprisonment for not less than three nor more than 12 years, with or without hard labor, without benefit of probation or suspension of sentence. La. R.S. 14:62.3 and La. R.S. 15:529.1(A)(1)(a) and (G).
By omitting the provision that the sentence be without benefit of probation or suspension of sentence, the trial court imposed an illegally lenient, mid-range sentence of seven years at hard labor. We amend the sentence to comport with La. R.S. 15:529.1(G), requiring that the sentence be served without benefit of probation or suspension of sentence.
Considering the totality of the record, this sentence is not constitutionally excessive. Although he may be sincerely remorseful and even though he will be missed by his young family, Scott, as a second felony offender, deserves just punishment. We do not find that the sentence imposed is grossly disproportionate to the severity of the offense, nor is it shocking to our sense of justice. The trial court did not abuse its discretion.

ERROR PATENT
The trial court did not advise the defendant of the time period within which to apply for post-conviction relief. The Louisiana Supreme Court has held that La. C. Cr. P. art. 930.8(C), which requires the trial court to inform the defendant of the limitation period for filing an application for post-conviction relief, is supplicatory language which does not bestow an enforceable right in favor of an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189; State *509 v. Hunter, 36,692 (La.App.2d Cir.12/20/02), 834 So.2d 6. We now advise defendant that no application for post-conviction relief, including applications for out-of-time appeal, shall be considered if filed more than two years after the finality of conviction and sentence. La. C. Cr. P. arts. 914 or 922.

DECREE
The sentence is amended to require that it be served without benefit of probation or suspension of sentence. The defendant's conviction, adjudication, and sentence, as amended, are AFFIRMED.
NOTES
[1] The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged.

First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows, as it does here, an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La. 1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, XXXX-XXXX (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La. App.2d Cir. 12/13/06), 945 So.2d 277, writ denied, XXXX-XXXX (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La. 1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, XXXX-XXXX (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La. 1992); State v. Robinson, 40,983 (La.App.2d Cir. 1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La. App.2d Cir.4/2/97), 691 So.2d 864.
The trial judge is given a wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, XXXX-XXXX (La. 12/13/04), 893 So.2d 7; State v. Thompson, XXXX-XXXX (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir. 1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.