MOORE, J.
 

 hThe defendant, Ronnie Joe Brooks, Jr., was convicted of aggravated burglary, a violation of La. R.S. 14:60, on November 18, 2008. The trial court denied the defendant’s motions for post verdict judgment of acquittal and new trial and sentenced the defendant to 10 years at hard labor. The trial court denied the defendant’s motion to reconsider sentence. Brooks now appeals. For the following reasons, we modify the verdict, render a judgment of conviction of simple burglary of an inhabited dwelling pursuant to La. R.S. 14:62.2, and remand for resentencing.
 

 FACTS
 

 After committing a burglary with an accomplice, Codaro Dunn, in the home of the victim, Melissa Flournoy, the defendant was momentarily seized by the victim’s boyfriend, Joseph Daniel Smart (“Smart”), in her backyard, approximately 45 feet from the house. The defendant bit Smart and continued fleeing, only to be twice seized again by Smart until the police arrived and arrested him.
 

 The state charged the defendant by bill of information with aggravated burglary on grounds that the defendant committed a battery “while leaving” the victim’s premises. A jury returned a verdict of guilty as charged. The defendant now appeals his conviction.
 

 DISCUSSION
 

 The issue generated by these facts is whether the battery committed by the defendant, when he was caught in the yard of the inhabited dwelling from which he was fleeing, can form the basis of an aggravated burglary charge within the meaning of La. R.S. 14:60, which provides:
 

 | ¡Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
 

 (1) Is armed with a dangerous weapon; or
 

 (2) After entering arms himself with a dangerous weapon; or
 

 (3)
 
 Commits a battery upon any person while in such place, or in entering or leaving such place.
 

 Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
 

 (Emphasis supplied).
 

 Battery is defined by La. R.S. 14:33 as “the intentional use of force or violence upon the person of another.”
 

 Ms. Flournoy testified that she did not know either the defendant or codefendant,
 
 *919
 
 and that neither had permission to enter her house. After the police called her about the burglary, she returned home to discover that her children’s electronic toys and games had been taken and other items were broken and shattered.
 

 Smart also testified that he immediately noticed that the X-box video game was missing when he entered the house and discovered it had been burglarized. After the police came and left, Smart left the home for a few minutes and after he returned he heard the intruders upstairs. Moments later, he saw the defendant stepping out the back door. The defendant saw that Smart had observed him and began running. Smart testified that he caught the defendant about 45 feet from the house in the victim’s backyard bushes. During the tussle, the defendant bit Smart on the arm.
 

 [3In order to sustain the conviction for aggravated burglary, we must conclude that the defendant committed the battery while “leaving such place.” Smart testified that he first saw the defendant on the back porch, stepping out the back door. Brooks then fled. The biting, which clearly is a species of battery, occurred nearly 50 feet from the dwelling. After careful consideration of the statutory language, we conclude that the battery in this case does not meet the statutory requirement of occurring while “leaving such place.”
 

 It is a well-established tenet of statutory construction that criminal statutes are subject to strict construction under the rule of lenity. Thus, criminal statutes are given a narrow interpretation and any ambiguity in the substantive provisions of a statute as written is resolved in favor of the accused and against the state.
 
 State v. Carr,
 
 1999-2209 (La.5/26/00), 761 So.2d 1271.
 
 State v. Newton,
 
 42,743 (La.App. 2 Cir. 12/19/07), 973 So.2d 916,
 
 writ denied,
 
 2008-1147 (La.1/16/09), 998 So.2d 90.
 

 The words “such place” in part (3)refer to the “inhabited dwelling, or of any structure, water craft, or movable where a person is present” earlier stated in the first paragraph. Our jurisprudence is settled that to constitute an “inhabited dwelling,” a person must live in the dwelling, but the person need not be present in the inhabited dwelling at the time of the burglary.
 
 State v. Hall,
 
 35,151 (La.App. 2 Cir. 9/26/01), 796 So.2d 164. Moreover, it is also settled that a yard, even when fenced, does not constitute a “structure” under our burglary statutes.
 
 State v. Alexander,
 
 353 So.2d 716 (La.1977).
 

 14 Our construction of the statutory phrase
 
 “Commits a battery upon any person while in such place, or in entering or leaving such place
 
 ” indicates that the legislature contemplated circumstances in which there is a close connection between the battery and the structure,
 
 [1]
 
 such as when a burglar commits a battery on a victim to gain entry to the inhabited dwelling or structure, or commits a battery while within the structure, or commits a battery on a victim in order to leave the structure. In other words, there needs to be a relationship between the battery and either the burglar’s entry into, exit from, or presence in the structure. Once the burglar has exited the structure, the crime is complete.
 

 Not surprisingly, we have been unable to locate a single case involving a conviction or charge for aggravated burglary where a battery was committed
 
 after
 
 the
 
 *920
 
 defendant left the structure. We consider this validation that the charge of aggravated burglary was not appropriate under these facts.
 

 We therefore conclude that the evidence does not satisfy every element of aggravated burglary. On the other hand, we find that the evidence does satisfy the elements of simple burglary of an inhabited dwelling under La. R.S. 14:62.2, which is a responsive verdict to the crime charged. La. C. Cr. P. art. 814(42). Simple burglary of an inhabited home is the unauthorized entering of any dwelling, house, apartment or other structure used in whole or in part as a home or place of abode by a person or | ..¡persons with the intent to commit a felony or any theft therein, other than as set forth in Article 60. La. R.S. 14:62.2. The evidence shows that the codefendants entered the -victim’s home with the intent to commit a theft within and indeed committed the theft. The defendant was seen exiting the home and subsequently caught. Hence, the evidence will support a conviction for the lesser included responsive offense of simple burglary of an inhabited dwelling. Judgment will be rendered accordingly. Entry of this lesser verdict necessarily requires remanding for resentencing.
 

 We note that defendant’s counsel requested that we reverse the trial court’s ruling on Brooks’ motion for post verdict judgment of acquittal and, alternatively remand for a new trial. We deem that a new trial is unnecessary since the evidence supports a conviction for the responsive offense as stated above.
 
 See State v. Scott,
 
 41,690 (La.App. 2 Cir. 1/24/07), 948 So.2d 1159.
 

 Conclusion
 

 For the reasons stated above, we modify the verdict of aggravated burglary and render a judgment of conviction of simple burglary of an inhabited dwelling. We vacate the sentence for aggravated burglary and remand for resentencing on the conviction of simple burglary of an inhabited dwelling.
 

 VERDICT MODIFIED; JUDGMENT OF CONVICTION OF SIMPLE BURGLARY OF AN INHABITED DWELLING RENDERED, ORIGINAL SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
 

 [1]
 

 . For ease in reading, we shall hereinafter use the term “structure” as synonymous with "inhabited dwelling,” and inclusive of any of the other structures, such as "water craft” or "vehicle," etc.