JOHNSON, J.
Defendant appeals his eight-year multiple offender sentence for unauthorized entry of an inhabited dwelling as unconstitutionally excessive. For the reasons that follow, we affirm his enhanced sentence.
Defendant, Duran White, was charged on April 17, 2017 in a bill of information with one count of unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3. He pled not guilty, proceeded to trial before a six-person jury on September 25, 2017, and was found guilty as charged. On October 3, 2017, the State filed a multiple offender bill of information alleging Defendant to be a third felony offender. Defendant denied the allegations of the multiple bill, and the trial court set a hearing.
On October 20, 2017, prior to sentencing on the underlying offense and prior to the multiple offender hearing, defense counsel filed a motion for the appointment of a sanity commission, alleging that Defendant did not understand the proceedings and was unable to assist counsel. The trial *530 court granted the motion and a competency hearing was held on December 13, 2017. At the competency hearing, the parties stipulated that Defendant was competent to proceed based on the forensic evaluation of Defendant by Dr. Rafael Salcedo, an expert in forensic psychology, and Dr. Richard Richoux, an expert in forensic psychiatry. The trial court accepted the stipulation and found Defendant competent to proceed.
Thereafter, on January 11, 2018, a multiple offender hearing was held at which time the trial court adjudicated Defendant a multiple offender.[1] The next day, January 12, 2018, the trial court sentenced Defendant on the underlying conviction of unauthorized entry of an inhabited dwelling to six years imprisonment at hard labor. The court then vacated Defendant's original sentence and resentenced Defendant as a third felony offender, pursuant to La. R.S. 15:529.1, to eight years imprisonment at hard labor without the benefit of probation or suspension of sentence.[2] Immediately following his sentence, Defendant filed a motion to reconsider sentence alleging his sentence was constitutionally excessive, which was denied by the trial court. This appeal follows.
FACTS
At approximately 11:00 p.m. on February 24, 2017, India Jackson and her 13-year-old son were at her apartment on Lac St. Pierre Drive in Harvey, Louisiana, when she heard a knock on her window. Believing it to be Defendant, the father of her child, Ms. Jackson did not go see who it was. Shortly thereafter, her phone started ringing, displaying a "private number." Ms. Jackson knew the call was from Defendant because she had previously blocked his phone number, which meant the only way he could call her was through a private number. According to Ms. Jackson, when she did not answer, Defendant proceeded to go up and down the stairs outside her apartment knocking on the door and window before he started ringing the doorbell. Not wanting the noise to wake her son, Ms. Jackson went to the front door where Defendant demanded that she open it. Ms. Jackson refused at which time Defendant kicked in the door.
Ms. Jackson ran upstairs, woke her son, and they ran out of the apartment through a third floor door to Ms. Jackson's car. Once inside the car, Ms. Jackson locked the doors, which prompted Defendant - who had followed them - to pull at the passenger side doors with enough force to break the handles. Ms. Jackson immediately drove away but realized she did not have her cellular phone to call the police. She ultimately stopped a passerby on the street and asked to borrow his phone, which she used to call 911 to report that someone had broken into her home. She met the police as they arrived at the scene and relayed what had happened.
*531 Deputy Benjamin Blevins with the Jefferson Parish Sheriff's Office ("JPSO") responded to the call. After speaking to Ms. Jackson, who appeared scared, Deputy Blevins went to her apartment and saw the door open and Defendant inside sitting on the couch. Deputy Blevins advised Defendant of his Miranda[3] rights and then asked him how he got into the apartment. Defendant responded, "I kicked the b***h in," which Deputy Blevins took to mean that he kicked the door in. Defendant also admitted to Deputy Blevins that he did not live in the apartment. According to Deputy Blevins, Defendant kept saying "all kinds of things to the victim," including, "no matter where you run to I'm going to kick that b***h in too." Defendant was arrested at the scene.
Ms. Jackson testified that although Defendant came to her apartment on occasion to see his son, Defendant did not have any belongings in the apartment, was not listed on the lease, and did not have a key to the apartment.
DISCUSSION
Defendant's sole assignment of error on appeal is that his enhanced sentence is excessive.[4] He argues that his predicate offenses, a 2011 conviction for possession of cocaine and a 2003 conviction for purse snatching, do not justify his enhanced eight-year sentence as a third felony offender. He also maintains that the facts of the case - breaking into an apartment where he had once been welcomed - and his history of psychiatric treatment for anxiety and paranoia support his claim that his sentence is unduly harsh.
After his enhanced sentence was imposed, Defendant filed a motion for reconsideration of sentence contending that his sentence was excessive. However, Defendant did not set forth specific grounds upon which his motion for reconsideration was based as required by La. C.Cr.P. art. 881.1 ; therefore, he is limited to a bare review of his sentence for constitutional excessiveness. See State v. Hernandez-Zuniga , 11-378 (La. App. 5 Cir. 12/13/11), 81 So.3d 129, 134, writ denied , 12-28 (La. 4/20/12); 85 So.3d 1268.
The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith , 01-2574 (La. 1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hernandez-Zuniga , supra .
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Hernandez-Zuniga , supra . Three factors are considered in reviewing a trial court's sentencing discretion: (1) the nature of the crime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Id.
*532 Here, Defendant was convicted of unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3. At the time of the offense, La. R.S. 14:62.3 provided for a sentencing range of not more than six years with or without hard labor and/or a fine of not more than $1,000.
The habitual offender statute in effect at the time Defendant committed and was convicted of the underlying offense - a felony punishable by a term less than his natural life - provided a sentencing range of "not less than two-thirds the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction," or four to 12 years. La. R.S. 15:529.1(A)(3)(a). In 2017, La. R.S. 15:529.1(A)(3)(a) was amended to provide a sentencing range of "not less than one-half of the longest possible sentence for the conviction and not more than twice the longest possible sentence prescribed for a first conviction," or three to 12 years.
The 2017 amendments to La. R.S. 15:529.1 explicitly provided that their provisions "shall become effective November 1, 2017, and shall have prospective application only to offenders whose convictions became final on or after November 1, 2017." Defendant's conviction was not final prior to November 1, 2017; therefore, under the 2017 amendments to La. R.S. 15:529.1, Defendant faced a sentencing range of three to 12 years as a third felony offender. See State v. Williams , 17-1753 (La. 6/15/18), 245 So.3d 1042.
However, La. R.S. 15:529.1 was again amended by 2018 La. Act No. 542, effective August 1, 2018, to add subsection (K), which states in pertinent part, "...notwithstanding any provision of law to the contrary, the court shall apply the provisions of this Section that were in effect on the date that the defendant's instant offense was committed." We need not decide the retroactive effect of the 2018 amendment to La. R.S. 15:529.1 in this case because regardless of the applicable sentencing range - four to 12 years under the habitual offender law in effect at the time Defendant committed the underlying offense or three to 12 years under the 2017 amendments to La. R.S. 15:529.1 - Defendant received a mid-range eight-year enhanced sentence.
Defendant's eight-year sentence is comparable to the sentences in other cases similarly involving a defendant who has been adjudicated a multiple offender after being convicted of unauthorized entry of an inhabited dwelling. In State v. Riviere , 08-509 (La. App. 5 Cir. 2/25/09), 9 So.3d 233, this Court affirmed an enhanced 12-year sentence for a defendant convicted of unauthorized entry of an inhabited dwelling and adjudicated a second felony offender. (See also State v. Segue , 92-2426 (La. App. 4 Cir. 5/17/94), 637 So.2d 1173, where the Fourth Circuit upheld defendant's 12-year enhanced sentence as a second felony offender convicted of unauthorized entry of an inhabited dwelling; and State v. Scott , 43,175 (La. App. 2 Cir. 2/27/08), 978 So.2d 506, where the Second Circuit upheld a seven-year sentence for a second felony offender convicted of unauthorized entry of an inhabited dwelling.)
Additionally, in State v. Williams , 14-1314 (La. App. 4 Cir. 6/3/15), 2015 WL 3819156, 2015 La. App. Unpub. LEXIS 252, writ denied , 15-1261 (La. 11/7/16), 208 So.3d 896, the Fourth Circuit upheld the defendant's 10-year enhanced sentence as a second felony offender with an underlying conviction for unauthorized entry of an inhabited dwelling. In Williams , the defendant had been dating the victim for a short period of time when he came to her home and rang her doorbell for more than one hour until she was forced to answer the door to prevent the defendant from waking *533 her children. When she refused his request to spend the night, the defendant pushed his way into her home. On the 911 call, the victim was heard complaining that the defendant stabbed her in the arm. The Fourth Circuit found that the defendant's actions on the night in question, coupled with his criminal history, supported the sentence.
And, in State v. Gandy , 45,947 (La. App. 2 Cir. 2/2/11), 57 So.3d 1163, writ denied , 11-639 (La. 10/7/11), 71 So.3d 309, the Second Circuit found that the defendant's 11-year enhanced sentence for unauthorized entry of an inhabited dwelling as a second felony offender was not constitutionally excessive. In Gandy, the defendant - a prior dating partner who had permission to enter the victim's home on prior occasions - entered the victim's home, despite repeated requests that he leave her property, and forced his way into the victim's bathroom while she was bathing.
In addition to a comparison of sentences imposed for similar crimes, we must consider whether Defendant's sentence is individualized to him and to the particular offense committed, and we find that it is. See State v. Boudreaux , 11-1345 (La. App. 4 Cir. 7/25/12), 98 So.3d 881, 891, writ denied , 12-1907 (La. 11/9/12), 100 So.3d 841. In this case, the evidence at trial showed Defendant kicked in the door to the victim's apartment, chased her and their son to the victim's vehicle, attempted to enter the victim's locked vehicle with such force that two of the door handles were ripped from their hinges, and then proceeded to wait inside her apartment for her to return. He continued to threaten the victim by stating, "no matter where you run to I'm going to kick that b***h in too." The record further shows that a Louisiana Uniform Abuse Prevention Order was filed into the record, permanently prohibiting Defendant from any contact with the victim. Defendant was a third felony offender with a predicate conviction for purse snatching, which is designated a crime of violence.[5] We find the record fully demonstrates that Defendant's enhanced sentence was meaningfully tailored to him and to the offense he committed.
Based on the foregoing, we find the trial court did not abuse its broad sentencing discretion when it imposed an enhanced mid-range sentence of eight years at hard labor. Accordingly, we do not find Defendant's sentence to be constitutionally excessive.
We have reviewed the record for errors patent pursuant to La. C.Cr.P. art. 920 and find no errors that require corrective action.
DECREE
Defendant's enhanced eight-year sentence for unauthorized entry of an inhabited dwelling as a third felony offender is hereby affirmed.
AFFIRMED

We note that the trial court failed to specify the number of felonies proven by the State at the conclusion of the adjudication hearing. However, at the subsequent sentencing hearing, the trial court expressly stated that it found Defendant to be a third felony offender and sentenced him as a third felony offender. (Compare State v. Oliveri , 03-563 (La. App. 5 Cir. 10/28/03), 860 So.2d 207, 219, where this Court found the defendant's enhanced sentence had to be vacated because the trial court failed to specify that the defendant was a third felony offender thereby rendering his enhanced sentence indeterminate and required a remand for the trial court to determine or clarify the number of felonies proven by the State.)

On the same date, Defendant also pled guilty and was sentenced with respect to three misdemeanor offenses charged in relation to the instant offense. These misdemeanor convictions and sentences are not before this Court in this appeal.

Miranda v. Arizona , 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

We note that Defendant's original six-year sentence on the underlying offense was vacated and, thus, presents nothing for review.

See La. R.S. 14:2(B)(24).